WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

FILED ✓   LODGED ___
RECEIVED ___   COPY ___

APR 1 4 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CASE NO.: 22-4154 MJ-01-PCT-CDB

UNITED STATES OF AMERICA v. **BRITTANY LEIGH HUNTER**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 2 of the Complaint:** Violation of Closure Order in a National Park (Entering a Restricted Cave), in violation of 36 C.F.R. § 1.5(f), a Class B misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six months
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:**
**Count 2 of the Complaint:** The defendant shall be sentenced to one year of supervised probation. In addition to the mandatory and standard conditions of supervised probation set forth in General Order 17-18, as well as any terms of supervision the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):
1. You are banned from the entirety of the Lake Mead National Recreation Area, the Glen Canyon National Recreation Area, the Grand Canyon National Park during the term of your supervision, with the exception of traveling through those areas on any federal, state, and/or local highways or roads.
2. You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The parties stipulate and agree that the submission of drug testing under Mandatory Condition #3 shall be suspended. Substance abuse testing shall be in the discretion of the probation officer.

Fine, in addition to the mandatory special assessment of $10.00, in the amount of $500.00.

1

**DISPOSITION OF ADDITIONAL CHARGES:** <u>If the plea and stipulated sentence are accepted by the Court, the United States Attorney's Office agrees that it will: (1) dismiss Count 1 of the Complaint with prejudice at the conclusion of sentencing; and (2) not file any additional charges pertaining to the facts set forth in the affidavit supporting the criminal complaint in Case No. 22-04154-PCT-CDB.</u>

I, **Brittany Leigh Hunter**, understand that I have the right to be represented by a lawyer at all stages of this case: before the trial; to evaluate a plea offer; at a trial; during proceedings to determine what sentence should be imposed if I am found guilty; and during any appeal. I understand that if I am unable to pay for all or part of the expense of legal representation from available present income and assets, a lawyer will be furnished for me free-of-charge. **After reading and understanding all of the above, I hereby waive my right to a lawyer in this case.**

_____          _____4/14/23_____
Brittany Leigh Hunter, Defendant          Date

**ELEMENTS OF OFFENSE(S):** On or about September 27, ~~2021~~ 2020 [BJH] to October 12, ~~2022~~ 2020 [BJH], within the confines of the Grand Canyon National Park, in the District of Arizona:

> **Count 2 of the Complaint:** The defendants did unlawfully violate a closure order, designation, use or activity restriction or condition, or public use limit, in that the defendant entered Thunder Cave. 36 C.F.R. § 1.5(f).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about September 27, 2020 to October 12, 2020, within the confines of the Grand Canyon National Park, in the District of Arizona, I, along with Samuel Hawkins Edwards, went on, conducted, and participated in a whitewater boat trip without a permit issued by the Superintendent of the Grand Canyon National Park. I knew we were supposed to have a permit but went on the trip without one. Our illegal boat trip (on a raft) was on the Colorado River and included (at least) the stretch of the river from Boat Beach (RM 87) to Whitmore Wash in the Grand Canyon National Park.

2

>Additionally, while on the illegal boat trip, I, along with Samuel Hawkins Edwards, entered the Thunder River Cave in the Grand Canyon National Park. We entered the cave without a permit and in violation of a closure order. We entered the cave on or about September 30, 2020.
>
>I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement. I understand it, and I voluntarily agree and enter into it.

I, **Brittany Leigh Hunter**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up the following rights: to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my

conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

I understand the nature of the charge(s) and the possible penalties, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

**Due to COVID-19 pandemic precautions, the parties agree to execute this plea agreement in counterparts. To the extent applicable, all such counterparts and signature pages, together, shall be deemed and construed as one document. The parties also agree that this agreement and/or signatures may be transmitted via facsimile and/or PDF. Furthermore, the parties consent to holding the plea and sentencing hearing(s) telephonically and/or via video telephone conference. The defendant hereby authorizes his/her attorney to sign the plea agreement on his/her behalf.**

//////

**I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.**

_____  4/14/23
Brittany Leigh Hunter, *Pro Se*          Date
Defendant

_____  4/14/23
Paul V. Stearns                                   Date
Assistant United States Attorney

_____  4/14/2023
Camille D. Bibles                                Date
U.S. Magistrate Judge


✓ ACCEPTED       _____ REJECTED

5